﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 190816-39803
DATE: July 31, 2020

ORDER

Readjudication of the claim of entitlement to service connection for depression is not warranted.

Entitlement to service connection for obstructive sleep apnea (OSA) is denied.

FINDINGS OF FACT

1. New and relevant evidence was not received after the April 2015 rating decision that denied entitlement to service connection for depression. 

2. Obstructive sleep apnea was not manifest during service and is not attributable to service. 

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim of entitlement to service connection for depression have not been met. 38 C.F.R. § 3.156 (d). 

2. The criteria for entitlement to service connection for obstructive sleep apnea have not been met. 38 U.S.C. §§ 1110, 1131, 5103, 5103A; 38 C.F.R. §§ 3.159, 3.303, 3.304, 3.310. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from January 1982 to January 1985. 

These matters come to the Board of Veterans’ Appeals (Board) on appeal from a March 2019 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). 

On August 23, 2017, the Veterans Appeals Improvement and Modernization Act was signed into law, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. The Veteran requested the Evidence Review, a process in which the Veteran has 90 days to submit additional evidence prior to Board review.

New and Relevant Evidence

The claim of entitlement to depression was denied by the RO in April 2015 based on a determination that there was no evidence of an event, disease or injury in service pertaining to depression. The service treatment records were silent as to complaints of, diagnosis of or treatment for any mental disorder. The Veteran was informed of the denial and of his procedural and appellate rights via correspondence the same month. The Veteran did not appeal this denial of service connection for depression and the decision is final. 

VA will readjudicate a claim if new and relevant evidence is presented or secured. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156 (d)). “Relevant evidence” is evidence that tends to prove or disprove a matter at issue. 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501 (a)(1)).

The evidence of record at the time of the April 2015 rating decision which denied service connection for depression consists of the service treatment records and VA clinical records. 

The pertinent evidence received subsequent to the April 2015 rating decision consists of VA clinical records. These records document that the Veteran is receiving treatment for mental health problems. The records do not indicate, in any way, that the Veteran's mental health problems were linked to his military service. Medical records which document current treatment for a mental disorder but do not link the mental disorder to active duty is not new and relevant evidence. The evidence does not demonstrate that the Veteran experienced an in-service event, disease or injury pertaining to a mental disorder. 

The Board finds that new and relevant evidence has not been received subsequent to the prior final April 2015 decision and the claim of entitlement to service connection for depression has not been reopened. 

Service Connection

In general, service connection will be granted for a current disability that resulted from an injury or disease incurred in, or aggravated by, active military service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). Establishing service connection generally requires (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Shedden v. Principi, 381 F. 3d 1163, 1167 (Fed. Cir. 2004).

For certain chronic diseases shown as such in service (or within the presumptive period under 38 C.F.R. § 3.307 ) so as to permit a finding that the disorder was incurred during service or within the presumptive period, subsequent manifestations of the same chronic disease at a later date, however remote, are service-connected. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.303 (b), 3.307, 3.309. For the listed chronic diseases, a showing of a continuity of symptomatology is an alternative method of establishing service connection. 38 C.F.R. § 3.303 (b); Walker v. Shinseki, 708 F. 3d 1331 (Fed. Cir. 2013).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the benefit of the doubt will be given to the claimant. 38 U.S.C. § 5107 (b); 38 C.F.R. §§ 3.102.

Service connection for obstructive sleep apnea is denied.

The Veteran contends that his obstructive sleep apnea is the result of his military service. The claim was received by the Board in December 2018. 

There is competent evidence of a current disability. The post-service clinical records include a diagnosis of sleep apnea based on a November 2018 sleep study. 

As to the in-service incurrence of the Veteran’s sleep apnea disability, the Veteran’s service treatment records were silent as to any complaints of, treatment, diagnosis of sleep apnea. Clinical evaluation of all systems was determined to be normal at the time of the November 1984 separation examination. Furthermore, the Veteran has not submitted any statements or evidence indicating that he had sleep apnea during service. 

The Board notes the record of the sleep study includes the annotation that the Veteran has had sleep problems. Significantly, this evidence does not establish that the Veteran had sleep apnea during active duty or any symptoms of sleep apnea during active duty. Active duty is not mentioned in the record. 

In this case, the Veteran has provided no evidence or argument as to in-service occurrence or aggravation of sleep apnea. The Veteran has provided no suggestion as to possible evidence that is missing and obtainable which could substantiate the claim. Without such assistance from the Veteran, VA was unable to provide any aid in developing the claim. A VA examination would be fruitless without any evidence of an in-service injury or event which may be the cause of the apnea.

With no evidence of an in-service occurrence or aggravation of sleep apnea and no evidence linking current apnea to active duty, the claim must be denied. 

The Board finds that the preponderance of the evidence is against the claim. 38 U.S.C. § 5107 (b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). As such, the provisions of 38 U.S.C. § 5107 (b) regarding reasonable doubt are not applicable.

 

 

G. A. WASIK

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Hughes

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.